NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDERJIT SINGH BRAR; BALVIR KAUR BRAR,<br><br>              Plaintiffs - Appellants,<br><br>  v.<br><br>THRIFTY PAYLESS INC, a California corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>              Defendants - Appellees. | No. 10-35715<br><br>D.C. No. 2:08-cv-01777-RSM<br><br>MEMORANDUM[*] |
| SURINDERJIT SINGH BRAR; BALVIR KAUR BRAR,<br><br>              Plaintiffs - Appellees,<br><br>  v.<br><br>THRIFTY PAYLESS INC, a California corporation,<br><br>              Defendant - Appellant. | No. 10-35741<br><br>D.C. No. 2:08-cv-01777-RSM |

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeals from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 5, 2011
Seattle, Washington

Before: TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

Plaintiffs-Appellants Surinderjit Singh Brar and Balvir Kaur Brar (together, the "Brars") appeal the decision by the district court, following a bench trial, awarding Defendant-Appellee Thrifty Payless Inc. ("Thrifty") the earnest money paid by the Brars and Counterclaim-Defendants Amarjeet Singh and Aswinder Brar (collectively, the "Buyers") pursuant to a failed commercial real estate sales agreement. Thrifty cross-appeals the court's denial of prejudgement interest. We have jurisdiction in this diversity action, 28 U.S.C. § 1291, and we affirm the award of the earnest money to Thrifty, reverse the denial of prejudgment interest, and remand for entry of an amended judgment. As the parties are familiar with the facts, we repeat them here only as necessary to explain our decision.

We review a district court's findings of fact following a bench trial for clear error and its conclusions of law de novo. *Jarvis v. K2 Inc.*, 486 F.3d 526, 529 (9th Cir. 2007). Under Washington law,[1] "[i]f a contract requires performance by both

---

[1] The parties agree Washington law applies to the contract at issue.

2

parties, the party claiming nonperformance of the other must first establish as a matter of fact the party's own performance," unless that performance was excused. *Willener v. Sweeting*, 730 P.2d 45, 49 (Wash. 1986). In *Willener*, the Washington Supreme Court held that where neither party to a real estate contract performed, the prospective buyers were entitled to a refund of their earnest money. *Id.*

The Brars concede that the Buyers failed to tender the purchase price on the closing date but, relying on *Willener*, contend that Thrifty is not entitled to keep the earnest money because it allegedly failed to

> maintain the Property [until the closing date] in the same manner as prior hereto pursuant to its normal course of business (such maintenance obligation not including extraordinary capital expenditures or expenditures not incurred in such normal course of business), subject to normal wear and tear . . . or other events beyond [its] control . . . .

In particular, the Brars point to the condition of the floors on the closing date.

Unlike *Willener*, however, where the sellers "did not satisfy the performance required by the agreement," 730 P.2d at 50-51, here, the district court correctly determined that Thrifty satisfied its contractual obligations, finding that the Brars' contention that "Thrifty failed to maintain the property in its existing condition up to closing . . . is incorrect." Thrifty's lease of the property to Liquidation World, Inc. ("LWI") was not a material breach. Indeed, the Buyers

3

acquiesced to—and negotiated to continue—LWI's lease. Nor was Thrifty's failure to finalize repairs to the floor by the closing date a material breach. Thrifty's expert, whom the district court found to be "highly credible," testified that the cracks in the floor were not the result of LWI's use of the property and likely had been there for some time; the Brars offered no evidence to the contrary. Any repairs to the floor were voluntarily undertaken by Thrifty in an effort to close the sale.

Thrifty satisfied its contractual obligations by tendering marketable title on the closing date and, thus, the earnest money was forfeited to Thrifty upon the Buyers' default. We therefore affirm the district court's award of the earnest money to Thrifty.

The Brars and Thrifty agree that the district court erred in denying prejudgment interest. Subsequent to the district court's decision, the Washington Supreme Court clarified that "prejudgment interest may be awarded not only when one party has improperly used the funds, *but also when one party is improperly deprived of those funds*." *Forbes v. Am. Bldg. Maint. Co. W.*, 240 P.3d 790, 794 (Wash. 2010) (emphasis added). Having been deprived of the "use value" of the earnest money, which was held in escrow by the title company, Thrifty is entitled to prejudgment interest. Accordingly, we reverse the district court's denial of

4

prejudgment interest and remand for entry of an amended judgment against the Buyers with interest at the Washington statutory rate of twelve percent per annum, Wash. Rev. Code § 19.52.010(1), from the date of the failed closing.

Costs on both appeals shall be awarded to Thrifty.

In No. 10-35715, the judgment is AFFIRMED. In No. 10-35741, the order is REVERSED and REMANDED with directions.